Joseph A. McCormick, Jr.
**JOSEPH A. MCCORMICK, JR., P.A.**
**A PROFESSIONAL ASSOCIATION**
76 Euclid Avenue-Suite 103
Haddonfield, New Jersey 08033
(856) 795-6500
ATTORNEYS FOR TRUSTEE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of: | IN PROCEEDING UNDER CHAPTER 7 OF THE U.S. BANKRUPTCY CODE |
| DGI SERVICES, LLC, | CASE NO.  11-46042/GMB |
| | Honorable Gloria M. Burns |
| Linda L. McMackin, Trustee<br>                    Plaintiff | ADV. NO. 13- |
| vs. | |
| Reliance Standard Life Insurance Co.,<br><br>                    Defendant. | **ADVERSARY COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 549;  TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550; FOR AN ACCOUNTING; AND FOR RELATED RELIEF** |

Plaintiff, Linda L. McMackin, Trustee, whose address is 669 Grove Road, Thorofare, New Jersey 08086, by way of Complaint against Defendant Reliance Standard Life Insurance Co. ("Defendant" or "Reliance") says:

**JURISDICTION AND CASE SUMMARY**

1.        This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C.§ 157.

2.        On December 21, 2011 (the "Petition Date"),  a group of creditors commenced the instant case by filing  an involuntary Chapter 7 Petition against DGI Services, LLC ("DGI" or the "Debtor"), along with a motion seeking appointment of a Trustee pursuant to 11 U.S.C. §303(g). *See* documents numbered 1and 3 on the docket.

3.      On January 5, 2012, Linda L. McMackin was appointed as Trustee and continues to serve as Trustee. *See* document numbered 17 on the docket.

4.      An Order Granting Relief was entered January 17, 2012. *See* document numbered 34 on the docket.

5.      Upon information and belief, Reliance is a corporate entity with a business address of 2001 Market Street, Suite 1500, Philadelphia, Pennsylvania 19103.

6.      This is an Adversary Proceeding pursuant to Bankruptcy Rule 7001 for a turnover of funds of the estate pursuant to 11 U.S.C. § 542 and to recover avoidable transfers pursuant to 11 U.S.C. §§ 547-550

7.      This is a core proceeding pursuant to 28 U.S.C. § 157. To the extent the claim asserted herein does not constitute a core proceeding, such claim is otherwise related to the Debtor's bankruptcy proceeding, and this Court may hear this matter pursuant to 28 U.S.C. § 157(c)(1).

8.      Should the Court determine that this matter is not a core proceeding, Plaintiff consents to entry of final judgment by the Bankruptcy Court.

9.      Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. § 1409.

## FIRST COUNT

### AVOIDANCE OF PREFERENTIAL TRANSFERS

10.      The Plaintiff incorporates and reasserts her allegations set forth in all previous paragraphs of the Complaint as if set forth in their entirety, but for the sake of brevity does not set forth the same at length.

11.      Through her accountants, the Trustee has analyzed all readily available information

regarding the transfers made by the Debtor between September 21, 2011 and December 21, 2011 (the "Preference Period") and is seeking to avoid and recover all preferential transfers of the Debtor's property made by the Debtor during the preference period.

12.     Upon information and belief, Defendant was a Creditor of the Debtor at the time of all transfers referenced herein.

13.     The Debtor's records indicate that Reliance invoiced the Debtor on June 1, 2011 for $6,075.38; and on July 1, 2011 for $6,251.03.

14.     The Trustee has determined that during the Preference Period, the Debtor transferred to Reliance a total of $12,326.41 (the "Preferential Transfer") by way of check # 33925, which check cleared the Debtor's bank account on September 23, 2011; and check # 33992, which check cleared the Debtor's bank account on September 28, 2011.

15.     The Preferential Transfer made by the Debtor to Reliance constituted a transfer of interest of the Debtor in property:

     a.    to or for the benefit of Reliance who was then a Creditor of the Debtor;

     b.    for or on account of an antecedent debt made by the Debtor before the transfers were made which debt was either reduced or fully satisfied thereby; and

     c.    made while the Debtor was insolvent, with a presumption of insolvency for transfers during the Preference Period existing pursuant to 11 U.S.C. § 547(f).

16.     The Preferential Transfers enabled Reliance to receive more then it would have received if:

     a.    the case was a case under Chapter 7 of the Bankruptcy Code;

b.      the transfers had not been made; and

c.      Reliance received payment of such debt to the extent
provided by the provisions of Title 11.

17.      As evidenced by, *inter alia*, the Debtor's Schedules filed in its Chapter 7 case, and

the Proofs of Claim filed against the Debtor, the Debtor's liabilities exceeded its assets as of the

Commencement Date, with unsecured creditors of the Debtor being virtually certain that they will

not receive full payment of their claims from the Debtor's estate.

18.      By reason of the foregoing, the Preferential Transfers made by the Debtor to Reliance

are avoidable by the Trustee pursuant to 11 U.S.C. § 547(b).

**WHEREFORE**, the Plaintiff, Linda L. McMackin, Trustee of the Estate of DGI Services,

LLC, requests the entry of a judgment against the Defendant, Reliance Standard Life Insurance Co.,

as follows:

1.      Avoiding the Preferential Transfers;

2.      Directing Reliance Standard Life Insurance Co. to immediately pay to the Trustee
an amount equal to the total of all such avoided transfers, but not less then
$12,326.41 together with post-judgment interest thereon;

3.      Awarding the Trustee costs, expenses and reasonable attorneys fees; and

4.      Granting such other and further relief as the Court deems just and equitable.

## SECOND COUNT

### AVOIDANCE OF PREFERENTIAL TRANSFERS AS FRAUDULENT CONVEYANCE

19.      The Plaintiff incorporates and reasserts her allegations set forth in all previous

paragraphs of the Complaint as if set forth in their entirety, but for the sake of brevity does not set

forth the same at length.

20.      Subject to proofs, the Trustee pleads in the alternative that to the extent one or more

4

of the Preferential Transfers were not on account of an antecedent debt, the Debtor did not receive

reasonably equivalent value in exchange for the Preferential Transfers and, at the time thereof:

    a.    was insolvent or rendered insolvent as a result of such transfers;

    b.    was engaged in business for which any remaining property was an unreasonably small capital; or

    c.    intended to incur, or believed it would incur, debts beyond its ability to pay as such debts matured.

21.    Accordingly, subject to proof, the Preferential Transfers are avoidable pursuant to

11 U.S.C. § 548(a)(1)(B).

**WHEREFORE**, the Plaintiff, Linda L. McMackin, Trustee of the Estate of DGI Services,

LLC, requests the entry of a judgment against the Defendant, Reliance Standard Life Insurance Co.,

as follows:

1.    Avoiding the Preferential Transfers;

2.    Directing Reliance Standard Life Insurance Co. to immediately pay to the Trustee an amount equal to the total of all such avoided transfers, but not less then $12,326.41 together with post-judgment interest thereon;

3.    Awarding the Trustee costs, expenses and reasonable attorneys fees; and

4.    Granting such other and further relief as the Court deems just and equitable.

### THIRD COUNT

### AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS

22.    The Plaintiff incorporates and reasserts her allegations set forth in all previous

paragraphs of the Complaint as if set forth in their entirety, but for the sake of brevity does not set

forth the same at length.

23.    Subject to proofs, the Trustee pleads in the alternative that to the extent the Debtor

made a transfer to the Defendant on account of an obligation that arose before the Commencement

Date, and that cleared after such date, such transfers were unauthorized post-petition transfers (the

"Post-Petition Transfers") which were avoidable pursuant to 11 U.S.C. § 549.

     **WHEREFORE**, the Plaintiff, Linda L. McMackin, Trustee of the Estate of DGI Services,

LLC, requests the entry of a judgment against the Defendant, Reliance Standard Life Insurance Co.,

as follows:

    1.    Avoiding the Post-Petition Transfers;

    2.    Directing Reliance Standard Life Insurance Co. to immediately pay to the Trustee an amount equal to the total of all such avoided transfers, but not less then $12,326.41 together with post-judgment interest thereon;

    3.    Awarding the Trustee costs, expenses and reasonable attorneys fees; and

    4.    Granting such other and further relief as the Court deems just and equitable.

### FOURTH COUNT

### RECOVERY OF TRANSFERS TO DEFENDANT

    24.    The Plaintiff incorporates and reasserts her allegations set forth in all previous

paragraphs of the Complaint as if set forth in their entirety, but for the sake of brevity does not set

forth the same at length.

    25.    Upon information and belief, Reliance was the initial transferee of the Preferential

Transfers, the Fraudulent Transfers, and the Post-Petition Transfers, the person for whose benefit

also transfers were made, or the beneficial transferee thereof.

    26.    Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from the Defendant

the Preferential Transfers, the Fraudulent Transfers, and the Post-Petition Transfers, together with

post-judgment interest thereon at the maximum legal rate and the costs of this action.

6

**WHEREFORE**, the Plaintiff, Linda L. McMackin, Trustee of the Estate of DGI Services, LLC, requests the entry of a judgment against the Defendant, Reliance Standard Life Insurance Co., as follows:

1. Avoiding the Preferential Transfers, the Fraudulent Transfers, and the Post-Petition Transfers;

2. Directing Reliance Standard Life Insurance Co. to immediately pay to the Trustee an amount equal to the total of all such avoided transfers, but not less then $12,326.41 together with post-judgment interest thereon;

3. Awarding the Trustee costs, expenses and reasonable attorneys fees; and

4. Granting such other and further relief as the Court deems just and equitable.

### FIFTH COUNT

### ACCOUNTING

27. The Plaintiff incorporates and reasserts her allegations set forth in all previous paragraphs of the Complaint as if set forth in their entirety, but for the sake of brevity does not set forth the same at length.

28. The Trustee may not have access to sufficient records of the Debtor to assure that she can identify all payments to the Defendant that may be avoidable pursuant to 11 U.S.C. § 544, 548 and 550.

29. The Trustee seeks an accounting from the Defendant of all payments received thereby from the Debtor within two (2) years of the Commencement Date.

**WHEREFORE**, the Plaintiff, Linda L. McMackin, Trustee of the Estate of DGI Services, LLC, respectfully requests judgment in her favor against the Defendant, Reliance Standard Life Insurance Co., for the following:

1. An accounting of all payments from the Debtor received by the Defendant within two (2) years of the Commencement Date;

2.      Awarding the Trustee costs of suit and reasonable attorneys fees; and

3.      Granting the Trustee such other and further relief as the Court deems equitable and just under the circumstances.

JOSEPH A. MCCORMICK, JR., P.A.
Attorney for Plaintiff/Trustee, Linda L. McMackin


BY:/s/ *Joseph A. McCormick, Jr.*
JOSEPH A. MCCORMICK, JR.
FOR THE FIRM

DATED:   November 22, 2013

S:\Joint Clients\DGI - DB-989-M\Avoidances\Reliance Standard Life Insurance Co\Reliance Pref Cmplt 11 15 12 c signed.wpd